# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA § | | |
| *Plaintiff* § | | |
| § | | |
| v. § | | 1:24-cr-00123-RP |
| § | | |
| FRANK KRUSE § | | |
| *Defendant* § | | |

## Order On Petition for Action on Conditions of Pretrial Release

This matter came before the Court on November 20, 2024, for a hearing on the Pretrial Services Office's Petition for Action on Conditions of Release, signed by the Court on November 4, 2024 ("Petition") (Dkt. 19). The revocation proceeding was held in accordance with the Federal Rules of Criminal Procedure and 18 U.S.C. § 3148.

On July 9, 2024, Defendant Frank Kruse was arrested pursuant to an indictment charging him with engaging in the business of dealing firearms without a license, in violation of 18 U.S.C. § 922(a)(1)(A). Dkt. 1. The Court ordered him released on conditions the same day. Dkt. 10. Trial is set for December 30, 2024. Dkt. 18.

The Petition alleges that Defendant submitted a urine specimen on October 15, 2024 that was confirmed positive for methamphetamine and that a crossbow was observed in Defendant's home on October 28, 2024. Dkt. 19.

The Court has considered the Pretrial Services Report, the Petition, and the arguments of counsel for Defendant at the revocation hearing. Based on the uncontroverted record evidence, pursuant to 18 U.S.C. § 3148(b)(1)(B), the Court finds that there is clear and convincing evidence that Defendant has violated Condition 7(m) of his release, requiring that he not use or unlawfully possess a narcotic drug or other controlled substance defined in 21 U.S.C. § 802

unless prescribed by a licensed medical practitioner, as well as Condition 7(k), requiring that he not possess a firearm, destructive device, or other weapon except knives for sales or sharpening.

Nonetheless, the Court finds that, based on the factors set forth in 18 U.S.C. § 3142(g), there are conditions of release that will assure that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if he remains on release, and that he is likely to abide by such conditions. *See* 18 U.S.C. §§ 3142 and 3148.

Accordingly, it is **HEREBY ORDERED** that Defendant shall be **DETAINED** until **November 21, 2024**, when he shall be **RELEASED** to a program of inpatient substance abuse therapy and counseling as directed by Pretrial Services.

Defendant is **ORDERED** to abide by all conditions in the Order Setting Conditions of Release (Dkt. 10) and follow all instructions from Pretrial Services.

It is **FURTHER ORDERED** that the Petition for Action on Conditions of Pretrial Release (Dkt. 19) is **DENIED**.

**SIGNED** November 20, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE